BECK, Tee v. BEAGLE.

Ohio Appeals, 5th Dist., Ashland Co.

W. W. Scott, Loudonville and Clyde C. Sherrick, Ashland, for Beck.

W. J. Weirick, Loudonville, for Beagle.

HOUCK, J.

**TRIAL.**

(590 C) The office and purpose of an instruction by a trial court to a jury is to enlighten it and aid it in arriving at a correct verdict.

(590 Cb2) It being the court's duty to instruct the jury, a correct declaration of the legal principles involved should be given it.

(590 Cb2) It is a part of the office of a trial judge to exercise discretion as to the form and style in which to expound the law per-

taining to the case in instructions to the jury.

(590 Cb2) It is the duty of the court, in charging a jury to fully inform it of the law applicable to the case by which it is to be guided in reaching the verdict.

(590 Cb2) In submitting a case to the jury, it is the court's duty to separate and definitely state issues of fact made in pleadings, accompanied by such instructions on each issue as nature of case requires, and distinguish between and call the jury's attention to material allegations of fact admitted and denied.

(590 Cc2) Charge to jury that the only evidence for the defense was the last two witnesses called as on cross-examination, that the court deemed it insufficient to overbalance plaintiff's evidence, and that only question to determine was amount of verdict or what plaintiff's services were reasonably worth, not exceeding amount asked for in petition, held prejudicial error, requiring reversal of judgment for plaintiff as not stating nature of case or any issues raised by pleadings.

(590 Cb2) The jury is entitled to receive from the court such instructions in the general charge as will fully place it in possession of the issuable facts in controversy, as presented by the pleadings and evidence.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.